IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>Prepaid Wireless Group, LLC,<br><br>                Debtor. | (Chapter 11)<br><br>Case No. 24-18852 (MCR) |

**T-MOBILE'S RESPONSE TO THE MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO T-MOBILE USA, INC., (III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

      T-Mobile USA, Inc. ("T-Mobile"), through its undersigned counsel, hereby responds to the Motion of the Debtor and Debtor-in-Possession for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to T-Mobile USA, Inc., (III) Scheduling a Final Hearing, and (IV) Granting Related Relief (the "Motion") filed by Prepaid Wireless Group, LLC (the "Debtor", or "PWG"), and states as follows:

**RESPONSE**

      T-Mobile is the Debtor's sole secured creditor and has a lien on all of the Debtor's assets. T-Mobile is also by-far the Debtor's largest creditor, holding a claim significantly larger than the combined claims of all the Debtor's 20 largest unsecured creditors. Since the petition date, T-Mobile has been diligently evaluating the Debtor's bankruptcy filings, including the Motion, as part of its assessment of the Debtor's overall reorganizational prospects, management competency and ability to operate as a going concern during the pendency of this case.

      In connection with this Motion, the Debtor provided T-Mobile with limited financial data to review in order to assess its November interim cash collateral budget. In reviewing that data and the interim budget, T-Mobile has concerns that the Debtor projects overall cash on hand to

1

169880986.3

decrease in November, and further decrease after November. Nevertheless, on an interim basis, to allow the Debtor to continue operations while T-Mobile conducts a more thorough review of the Debtor's business, T-Mobile consents to the Debtor's proposed November budget and a revised form of its proposed cash collateral order that it negotiated with the Debtor.

In consenting to the Debtor's proposed budget and its use of cash collateral on an interim basis, T-Mobile asks that the Court disregard the Debtor's misleading and disparaging accusations that, "for reasons only T-Mobile can explain, T-Mobile made a demand for PWG to provide a security deposit . . . to provide additional collateral for payment of future invoice," and that T-Mobile made an "unexpected and unjustified demand for a large new security deposit, but T-Mobile was unresponsive." *See, e.g.*, ECF 3 at ¶ 10, 14 at ¶ 11. These accusations are misleading because, as Debtor is well aware, any such demand for additional security was prompted by a pattern of prepetition delinquent payments and was well within T-Mobile's contractual rights.

T-Mobile is a mobile network operator ("MNO") that has invested billions of dollars into its mobile network to offer consumer cellular services nationwide. T-Mobile enters partnerships with wholesale wireless providers, known as mobile virtual network operators ("MVNOs"), which allow MVNOs to use T-Mobile's mobile wireless network infrastructure at wholesale prices. The MVNOs can then offer cellular service to consumers. Instead of entering a partnership directly with T-Mobile, or another MNO, some MVNOs contract with another intermediary, known as an aggregator, or a mobile virtual network aggregator ("MVNA"), which partners directly with T-Mobile or another MNO. The Debtor is one such aggregator that has contracted with T-Mobile since January 3, 2012, for the use of T-Mobile's wireless network infrastructure. T-Mobile and the Debtor have amended the contract thirteen times, most recently

169880986.3

on June 11, 2022 (as amended, the "Agreement"). See Exhibit A.

As the Debtor well knows, prior to T-Mobile's security request, the Debtor failed to timely pay its outstanding invoices to T-Mobile six separate times this year alone, with the past due balance at one point reaching ■■■■■■. After this troubling pattern of materially late payments, T-Mobile exercised its rights under the Agreement, which grants it the right to seek additional security if ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ See Exhibit B at § 7.6(a)(iii). The purpose of that additional security is to protect T-Mobile's financial interests. The Agreement sets out the computation for the additional security, under a provision which has been in the Agreement since 2013. *Id; see also* Exhibit C at § 7.4. Pursuant to an Amendment in June 2022, the parties agreed that the additional security deposit would be computed as ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ See Exhibit B at § 7.6(a)(iii).

In September 2024, following a long pattern of delinquent payments, T-Mobile requested additional security as calculated by the parties' Agreement and provided the Debtor with 45 days to provide the requested security, also consistent with the Agreement. The Debtors failed to even respond to that request until day 39, and then filed bankruptcy on day 45. T-Mobile's contractual right, and the basis for executing that right, were agreed to and always known by the Debtor. T-Mobile's prepetition request that the Debtor provide it with additional security to protect T-Mobile was well-considered, in good faith, and reasonable. Any representations to the contrary are misleading at best. The Debtor is in no position to cast aspersions on T-Mobile for enforcing the express terms of their Agreement following the Debtor's failure to abide by it.

3

169880986.3

Finally, the Debtor's disclosure of the alleged amount of T-Mobile's request for additional security violates the confidentiality provisions of the parties' prepetition contract. T-Mobile reserves all rights with respect to that breach.

Dated: November 7, 2024     Respectfully submitted,

/s/ David W.T. Daniels
David Daniels
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington, DC 20005

David Gold (*admitted pro hac vice*)
Perkins Coie LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606-1511

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2024, a copy of the redacted *T-Mobile's Response to the Motion of Debtor and Debtor-In-Possession for Entry of Interim and Final Orders (i) Authorizing Postpetition Use of Cash Collateral, (ii) Granting Adequate Protection to T-Mobile USA, Inc., (iii) Scheduling a Final Hearing, and (iv) Granting Related Relief* was served electronically by the Court's CM/ECF system on the following:

Harry Conrad Jones, III
Irving Edward Walker
Cole Schotz P.C.
1201 Wills Street
Suite 320
Baltimore, MD 21231
Email: HJones@coleschotz.com
iwalker@coleschotz.com
*Counsel for Debtor*

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Email: lynn.a.kohen@usdoj.gov
ustpregion04.gb.ecf@usdoj.gov
*Trustee*

                                                */s/ David W.T. Daniels*
                                                David W.T. Daniels

169880986.3