**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| In re:<br><br>Prepaid Wireless Group, LLC,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No.: 24-18852 (MCR) |

**AMENDED LINE ATTACHING REDLINED INTERIM ORDER (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO T-MOBILE USA, INC., AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)**

      T-Mobile USA, Inc., through its undersigned counsel, submits this Line Attaching Redlined Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to T-Mobile USA, Inc., and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b).

Dated: November 7, 2024                        Respectfully submitted,

                                                   */s/ David W.T. Daniels*
                                                   David Daniels
                                                   Perkins Coie LLP
                                                   700 13th Street, NW, Suite 600
                                                   Washington, DC 20005

                                                   David Gold (*admitted pro hac vice*)
                                                   Perkins Coie LLP
                                                   110 North Wacker Drive, Suite 3400
                                                   Chicago, IL 60606-1511

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification are: Prepaid Wireless Group, LLC (5159). The Debtor's principal address is 1800-1 Rockville Pike, Rockville, MD 20852.

169875782.1

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, a copy of the *Line Attaching Redlined Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to T-Mobile USA, Inc., and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* was served electronically by the Court's CM/ECF system on the following:

Harry Conrad Jones, III
Irving Edward Walker
Cole Schotz P.C.
1201 Wills Street
Suite 320
Baltimore, MD 21231
Email: HJones@coleschotz.com
iwalker@coleschotz.com
*Counsel for Debtor*

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Email: lynn.a.kohen@usdoj.gov
ustpregion04.gb.ecf@usdoj.gov
*Trustee*

November 7, 2024                                             */s/ David W.T. Daniels*

- 2 -

169875782.1

**~~EXHIBIT A~~**
**~~PROPOSED INTERIM ORDER~~**

**IN THE UNITED STATES BANKRUPTCY ~~COURT~~ COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| In re: | (Chapter 11) |
| Prepaid Wireless Group, LLC,[1] | Case No. 24-18852 (MCR) |
| Debtor. | |

**INTERIM ORDER (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO T-MOBILE USA, INC., AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)**

Upon consideration of the Motion of the Debtor and Debtor-in-Possession for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to T-Mobile USA, Inc., (III) Scheduling a Final Hearing, and (IV) Granting

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification are: Prepaid Wireless Group, LLC (5159). The Debtor's principal address is 1800-1 Rockville Pike, Rockville, MD 20852.

Related Relief (the "**Motion**"); pursuant to sections 105, 361, 362, 363, and 507(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002, 4001, 6003, 6004 and 9014, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b)(2); and due and proper notice having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate, creditors and equity security holders and upon due deliberation and sufficient cause appearing therefor, it is hereby ORDERED, on an interim basis, as follows:[2]

    1)    *Motion Granted*.  The Motion is **GRANTED** on an interim basis, as set forth herein.  Any objection to the Motion that was not withdrawn or resolved is hereby overruled.

    2)    *Jurisdiction*.  This Court has core jurisdiction over the above-captioned chapter 11 case (the "**Chapter 11 Case**") commenced on October 21, 2024 (the "**Petition Date**"), this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    3)    *Statutory Committee*.  As of the date hereof, an official committee of unsecured creditors has not been appointed in the Chapter 11 Case.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4) *Notice*. The Debtor has caused notice of the Motion, the relief requested therein and the Interim Hearing to be served by electronic mail, facsimile, hand delivery or overnight delivery on the following parties: (a) the Office of the United States Trustee (the "**UST**"); (b) counsel to T-Mobile USA, Inc. ("**T-Mobile**"); and (c) the holders of the twenty (20) largest unsecured claims against the Debtor. Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein and of the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 2002 and 4001(b) and (d).

<u>5)</u>   ~~5)~~   *Findings Regarding the Use of Cash Collateral*.

a) Good cause has been shown for the entry of this Interim Order.

b) The Debtor has an immediate need to use the "Cash Collateral" to permit, among other things, the orderly continuation of its business, pay its operating expenses, and preserve the going concern value of the Debtor. For purposes of this Interim Order, the term "**Cash Collateral**" shall mean and include all "cash collateral" as defined in section 363 of the Bankruptcy Code in which T-Mobile may have a perfected lien, security interest or other interest, whether existing on the Petition Date, arising pursuant to this Interim Order, or otherwise.

c) The preservation and maintenance of the Debtor's business and assets is necessary to maximize value. Absent the Debtor's ability to use Cash Collateral in accordance with the terms hereof, the continued operation of the Debtor's businesses would not be possible, and irreparable harm to the Debtor, its estate, and its creditors would occur. Authorization to use the Cash Collateral is therefore (i) critical to the Debtor's ability to maximize the value of this Chapter 11 estate, (ii) in the best interests of the Debtor and its estate, and (iii) necessary to avoid immediate and irreparable harm to the Debtor, its creditors, and its assets, business, goodwill, reputation, and affiliates.

d) The terms of the use of the Cash Collateral pursuant to this Interim Order are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

e) Prior to the Petition Date, the Debtor and T-Mobile USA, Inc. ("**T-Mobile**") entered into a Wholesale Supply Agreement dated January 3, 2012 (as amended, the "**WSA**"). Without prejudice to the rights of any party in interest, including the Debtor, under the WSA and as security for payment of amounts due under the WSA, the Debtor granted to T-Mobile a security interest in substantially all of the Debtor's assets as more fully described in the WSA (the "**Pre-Petition Collateral**").

f) Without prejudice to the rights of any party in interest, including the Debtor, T-Mobile asserts that its security interest in the Pre-Petition Collateral was properly perfected and is valid and enforceable as a first priority lien on and security interest in the Pre-Petition Collateral.

g) ~~e)~~ The continued use of Cash Collateral has been negotiated in good faith and at arms' length among the Debtor and T-Mobile and, therefore, the use of the Cash Collateral by the Debtor in accordance with the terms of this Interim Order shall be deemed to have been extended, issued, or made in "good faith."

h) ~~f)~~ The Debtor has filed with its Motion a proposed budget (such initial budget, the "**Initial Budget**"), a copy of which is attached hereto as **Exhibit A.** The Initial Budget reflects the Debtor's anticipated net cash flow and anticipated disbursements on a weekly basis for the period from the Petition Date through and including November 29, 2024. The Initial Budget may be modified, amended, or updated from time to time in accordance with the terms of this Interim Order and upon such modification, shall supplement and replace the Initial Budget

(the Initial Budget, following entry of the Interim Order, and each subsequently approved budget, shall each constitute without duplication, an "**Approved Budget**"). The Initial Budget is reasonable under the facts and circumstances.

  i) Notwithstanding anything to the contrary in this Interim Order and the Initial Budget, T-Mobile does not and has not agreed to waive or modify any of the payment or other terms in the WSA. Any deviation from the terms of the WSA in this Interim Order or the Initial Budget is inadvertent and does not affect a modification of the WSA If the Initial Budget does not accurately reflect the post-petition amounts owed to T-Mobile under the WSA, the Debtor agrees to the amendment of the Initial Budget to accurately reflect such amounts, subject to the Debtor and T-Mobile agreeing on the amounts due.

  6) *Authorization of Use of Cash Collateral*.

   a) ~~a)~~ Subject to the terms hereof, the Debtor is hereby authorized to use the Cash Collateral for (a) working capital requirements, (b) general corporate purposes, and (c) the costs and expenses of administering this Chapter 11 Case (including payments benefiting court-approved Professionals from the Carve-Out) incurred in the Chapter 11 Case, subject to the limits set forth in the Approved Budget.

  7) *Entitlement to Adequate Protection*.

   a) ~~a)~~ T-Mobile is entitled to adequate protection of its interest in ~~the Prepetition~~ Pre-Petition Collateral ~~(including, without limitation, the Cash Collateral)~~ in an amount equal to the aggregate postpetition diminution in value of the ~~Prepetition~~ Cash Collateral, from and after the Petition Date (such

diminution in value, the "**Diminution in Value**"), including without limitation, to the extent such Diminution in Value results from the subordination of T-Mobile's lien to the Carve-Out, or the imposition of the automatic stay pursuant to Bankruptcy Code section 362.

8)   ~~8)~~   *Adequate Protection Claim and Lien.*

a)   ~~a)~~   As adequate protection for the Diminution in Value of the Prepetition Collateral, T-Mobile is hereby granted the following claims, liens, rights, and benefits (collectively, the "**Adequate Protection Obligations**"):

i)   *Superpriority Claim.* The Adequate Protection Obligations due to T-Mobile shall constitute allowed a superpriority claim against the Debtor as provided in Bankruptcy Code section 507(b) (collectively, the "**Superpriority Claim**"), with priority over any and all administrative expenses and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all other administrative expenses of the kind specified in Bankruptcy Code sections 503(b) and 507(b), subject and subordinate only to the Carve-Out;

ii)   *Adequate Protection Lien.* Subject to the Carve-Out, as security for the Adequate Protection Obligations, effective as of the Petition Date and perfected without the necessity of the execution by the Debtor (or recordation or other filing) of security agreements, financing statements, or other similar documents, or further act by T-Mobile or the Debtor, T-Mobile is hereby granted a valid, binding, enforceable, and duly perfected security interest and replacement lien under 11 U.S.C. § 361(2) in all assets of the Debtor (excluding

Avoidance Actions, as defined below), which are or have been acquired, generated, or received by the Debtor subsequent to the Petition Date, and the proceeds of same: (i) only to the extent that T-Mobile's Cash Collateral is used by the Debtor and such use results in Diminution in Value; (ii) only to the extent T-Mobile's prepetition lien is valid; and (iii) with the same priority in the postpetition collateral and proceeds thereof that T-Mobile held in the ~~Prepetition~~Pre-Petition Collateral.  Notwithstanding the foregoing, T-Mobile shall not have a lien on causes of action (including causes of action arising under Bankruptcy Code section 549 and any related action under Bankruptcy Code section 550) and, subject to entry of the Final Order, the proceeds of any causes of action under Bankruptcy Code sections 502(d), 544, 545, 547, 548, 550 (except as provided above), or 553 or the proceeds of any other avoidance actions under the Bankruptcy Code or applicable non-bankruptcy law (collectively, the "**Avoidance Actions**").  In addition, this Order shall be without prejudice to (i) the Debtor's rights to object to T-Mobile's claims and to assert counterclaims and defenses with respect to T-Mobile's claims, and (ii) T-Mobile's rights to assert defenses with respect to any such counterclaims asserted by the Debtor.

iii)     ~~iii)~~     ***Financial Reporting.***  The Initial Budget is approved.  The use of Cash Collateral under this Interim Order shall be in accordance with the ~~Approved Budget. Upon~~ Initial Budget and the Debtor is allowed to exceed the amount of any itemized category of expense set forth in the Initial Budget by 10%.  The Debtor's use of Cash Collateral is authorized only through and including November 29, 2024, and may not be extended other than on the express written consent of T-Mobile or order of the Court, other than as expressly provided below.

iv) The Debtor shall (i) within 25 days of the end of each month, provide T-Mobile with a monthly report of the Debtor's internal balance sheet and income statement and a comparison of the amounts set forth in the Initial Budget to actual results for the prior month; and (ii) upon reasonable notice, at reasonable times, and subject to appropriate confidentiality protections, ~~the Debtor (i) shall~~ permit representatives and agents of T-Mobile to discuss the Debtor's affairs, finances, and condition with the Debtor's officers and financial advisors ~~and shall (ii) provide T-Mobile with a monthly report of the Debtor's internal balance sheet and income statement within 25 days of the end of each month~~.

9)  ~~9)~~  *Carve-Out*.

    a)  ~~a)~~  "**Carve-Out**" means the sum of (i) all fees required to be paid to the clerk of the Court and the United States Trustee's Office; and (ii) subject in all respects to the Approved Budget, to the extent allowed, whether by interim order, procedural order or otherwise, all accrued and unpaid reasonable fees, costs, and expenses (the "**Professional Fees**") incurred by persons or firms retained by the Debtor and the Creditors' Committee (if any), appointed in the Chapter 11 Case pursuant to Bankruptcy Code section 327, 328, or 363 (collectively, the "**Professional Persons**").

    b)  ~~b)~~  The Debtor shall maintain a segregated account or accounts for the payment of fees owed to Professional Persons, which account shall be funded from the Debtor's cash receipts or cash-on-hand in accordance with the Approved Budget on a weekly basis, in advance (the "**Carve-Out Reserve Account**").  The Debtor shall pay Professional Persons' fees using the Carve-Out Reserve Account in compliance with the Approved Budget, this Interim Order, any interim compensation procedures, and any further Order of this Court.

10)  *Preservation of Rights*.

a) ~~a)~~ Nothing in this Order shall be deemed to have determined the extent of T-Mobile's interest in Cash Collateral as of the Petition Date, and the Debtor and T-Mobile each reserve their respective rights to dispute or assert the extent to which the Debtor's cash on hand and bank deposits as of the Petition Date constitute T-Mobile's Cash Collateral or are unencumbered by T-Mobile's security interest as of the Petition Date. Nothing herein shall be deemed or construed to limit the Debtor or T-Mobile to the relief granted herein or bar the Debtor or T-Mobile from seeking other and further relief (including without limitation from the terms of this Interim Order) for cause shown on appropriate notice from the Debtor and other parties-in-interest entitled to notice of same. This Order may be modified for cause shown by the Debtor, T-Mobile, or any other party-in-interest. T-Mobile reserves the right to seek additional adequate protection in any further orders governing the Debtor's cash collateral use and the Debtor reserves the right to object to the same.

11) *Objections*.

a) ~~a)~~ Any creditor or other party-in-interest having any objection to entry of a final Order authorizing the Debtor's use of Cash Collateral shall file such objection in writing with the Clerk of this Court and serve it upon counsel for the Debtor, counsel for T-Mobile, and the Office of the United States Trustee by or before [**********] [**]November 27, 2024.

12) *Termination of Use of Cash Collateral.* Notwithstanding anything to the contrary contained herein, the Debtor's right to use Cash Collateral shall expire on the earliest to occur of: (a) November 29, 2024; (b) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this Interim Order; (c) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code;

(d) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor; and (e) the occurrence of the effective date or consummation of a plan of reorganization (the first such occurrence being hereinafter referred to as the "Termination Event"). On and after the Termination Event, the Debtor shall immediately cease using any of the Cash Collateral; *provided, however*, that the Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral, and T-Mobile reserves the right to oppose such relief.

13)  ~~12)~~ *Effectiveness*.  This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon entry hereof, and there shall be no stay of execution of effectiveness of this Interim Order. To the extent that any finding of fact shall be determined to be a conclusion of law it shall be so deemed and vice versa.

14)  ~~13)~~ *Jurisdiction*.

a)  ~~a)~~  The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15)  ~~14)~~ *Controlling Effects of Interim Order*.  To the extent of any conflict between or among (a) the Motion, any other order of this Court, or any other agreements, on the one hand, and (b) the terms and provisions of this Interim Order, on the other hand, unless such term o provision herein is phrased in terms of "as defined in" or "as more fully described in" or "as" provided in" or words to that effect with respect to the Prepetition Loan Documents, the terms and provisions of this Interim Order shall govern. This Interim Order shall take effect and be fully enforceable effective as of  the Petition Date immediately upon entry hereof, notwithstanding the possible application Bankruptcy Rules 6004(g), 7062, 9014, or otherwise,

and the Clerk of this Court is hereby directed to enter this Interim Order on this Court's dockets in the Chapter 11 Case.

16)    ~~15)~~ *Final Hearing*. The Final Hearing is scheduled for ~~[**********]~~ ~~[**]~~December 2, 2024, at ~~[**]:[**] [*]m~~10:30 a.m, prevailing Eastern time, before this Court. The Debtor shall promptly mail or otherwise serve copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court and to any Creditors' Committee. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections; which objections shall be served upon (a) the Debtor; (b) proposed counsel to the Debtors, Cole Schotz P.C., 1201 Wills Street, Suite 320 Baltimore, MD 21231, Attn: Gary H. Leibowitz; and (c) the UST.

17)    T-Mobile consents to entry of this Interim Order without prejudice to its rights to object to entry of a final Order for use of Cash Collateral.

CONSENTED TO:

_____
David Daniels (MD Bar No.    )
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington D.C. 20005
Tel. 202-654-6364
ddaniels@perkinscoie.com


David Gold, Esquire (*admitted pro hac vice*)
Perkins Coie LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Tel.  312-324-8540
(fax) 312-324-9540
dgold@perkinscoie.com

Attorneys for T-Mobile USA, Inc.

Cc:   Irving E. Walker. Esquire
   Gary H. Leibowitz, Esquire
   H.C. Jones III, Esquire
   J. Michael Pardoe, Esquire
   Cole Schotz P.C.
   1201 Wills Street, Suite 320
   Baltimore, MD 21231

   Lynn A. Kohen, Assistant United States Trustee
   Office of the United States Trustee
   101 West Lombard Street
   Suite 2625
   Baltimore, MD 21201

   David Gold, Esquire
   Perkins Coie
   110 North Wacker Drive, Suite 3400
   Chicago, IL 60606-1511

   David W.T. Daniels, Esquire
   Perkins Coie
   700 13th Street, NW, Suite 800
   Washington, D.C. 20005-3960

**END OF ORDER**

# EXHIBIT A

# INITIAL BUDGET