## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re: | (Chapter 11) |
| Prepaid Wireless Group, LLC, | Case No. 24-18852 (MCR) |
| Debtor. | |

### MOTION TO SEAL CERTAIN T-MOBILE EXHIBITS FOR APRIL 3 HEARING

T-Mobile USA, Inc. ("T-Mobile"), by and through its counsel, hereby files this motion (the "Motion"), pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order substantially in the form attached hereto (the "Proposed Order"), authorizing T-Mobile to seal certain exhibits prior to the hearing on April 3, 2025 (the "April 3 Hearing") concerning approval of the *Disclosure Statement to Accompany Plan of Reorganization under Chapter 11 of the Bankruptcy Code Proposed by the Debtor* [Docket No. 109] (the "Disclosure Statement") and the *Motion of the Debtor and Debtor-in-Possession for Entry of Interim and Final Orders Extending Authorization to Use Cash Collateral* [Docket No. 128] (the "Cash Collateral Motion") . In support of this Motion, T-Mobile represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.

**BACKGROUND**

2. On October 21, 2024, Prepaid Wireless Group LLC ("Debtor" or "PWG") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Court. The Debtor is operating its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. T-Mobile is the Debtor's sole secured creditor and has a lien on all of the Debtor's assets.

3. On February 18, 2025, the Debtor filed its Disclosure Statement and Plan. On March 26, 2025, T-Mobile filed *T-Mobile's Objection to the Disclosure Statement to Accompany Plan of Reorganization under Chapter 11 of the Bankruptcy Code Proposed by the Debtor* [Docket No. 146] (the "DS Objection"). Concurrently with this Motion, T-Mobile will file (i) its opposition to the Cash Collateral Motion (the "Cash Collateral Objection" and together with the DS Objection, the "T-Mobile Objections") and (ii) a proposed exhibit and witness list (the "T-Mobile Exhibits") in support of T-Mobile Objections ahead of the April 3 Hearing.

**RELIEF REQUESTED**

4. By this Motion, T-Mobile asks the Court to enter the Proposed Order: (a) instructing the Clerk's Office to restrict public access to the T-Mobile Exhibits; and (b) authorizing T-Mobile to file certain T-Mobile Exhibits under seal.

5. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. This section provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . . " 11 U.S.C. § 107(b)(1). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, § 107(b) of the Bankruptcy Code

2

does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Robbins v. Delafield (In re Williams)*, Case No. 15-71767, Adv. Pro. No. 16-07024, 2017 WL 6278764, at *3 (Bankr. W.D. Va. Dec. 8, 2017) ("'Good cause' is not a statutory requirement for granting the requested relief under § 107(b).").

6. Instead, "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of § 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27 (emphasis in original); *see also In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enterprise I*, 464 U.S. 501, 510 (1984)); *see also In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

7. Moreover, the Court's broad equitable powers under § 105(a) of the Bankruptcy Code allow it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Therefore, granting a sealing order is well within this Court's discretion. *See generally The Air Line Pilots Ass'n Int'l v. Am. Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 434 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994) (stating that courts have broad discretion to decide when a protective order is

3

appropriate and the extent of the protection).

8. Bankruptcy Rule 9018 then sets forth the procedures by which a party may move for relief under § 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. The T-Mobile Exhibits include, among other things, (i) the Debtor's Monthly Budget Variance Reports, and (ii) that certain *Reseller Agreement* between PWG and PWW (dated December 1, 2012). The Debtor contends that each of these exhibits contains commercially sensitive information that, if disclosed, could harm the Debtor's business, and therefore, should kept confidential consistent with 11 U.S.C. §107(b)(1). In cooperation with the Debtor, T-Mobile submits that restricting public access to the T-Mobile Exhibits is proper because it will preserve the Debtor's confidential information.

WHEREFORE, for the reasons set forth herein, T-Mobile respectfully requests that this Court enter the Proposed Order and, further, grant such other relief as this Court deems just and proper.

Dated: March 31, 2024                                             Respectfully submitted,

/s/ David W.T. Daniels
David W.T. Daniels
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington, DC 20005

David Gold (*admitted pro hac vice*)
Perkins Coie LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606-1511
*Counsel for T-Mobile USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, a copy of the *Motion to Seal Certain T-Mobile Exhibits for April 3 Hearing* was served electronically by the Court's CM/ECF system on the following:

Harry Conrad Jones, III
Irving Edward Walker
Cole Schotz P.C.
1201 Wills Street
Suite 320
Baltimore, MD 21231
Email: HJones@coleschotz.com
iwalker@coleschotz.com
*Counsel for Debtor*

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Email: lynn.a.kohen@usdoj.gov
ustpregion04.gb.ecf@usdoj.gov
*Trustee*

*/s/ David W.T. Daniels*
David W.T. Daniels